-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

REUBEN AVENT,

        Plaintiff,

        -v-

NEW YORK STATE, Dep R. SAVAGE,
C.O. ADMY, Dep. Supt. CONWAY, C.O.
JOHN DOE (C-Block 28-27), C.O. FRIER,
ITS. Sup. BOB HENRY, ITS. Sup. RUDOLPH,
Comm. Goord, and C.O. JOHN DOE 2 (Legal
Mail Officer. Nov. 5),

        Defendants.

DECISION AND ORDER
02-CV-0828Sr

---

On December 18, 2002, the Court granted plaintiff permission to proceed *in forma pauperis* and dismissed the complaint *sua sponte*, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 1915A(b), on the ground that it failed to state claims on which relief could be granted. Judgment was entered on December 23, 2002. (Docket Nos. 3-4). Plaintiff, who was incarcerated at the Attica Correctional Facility at the time, and is presently incarcerated at the Auburn Correctional Facility, alleged that defendants violated his constitutional rights by denying him access to the courts, writing false misbehavior reports, and harassing him.

Plaintiff filed a notice of appeal and on April 18, 2005, the United States Court of Appeals for the Second Circuit granted plaintiff permission to proceed *in forma pauperis* on appeal as to his claims that: "(1) his Sixth Amendment right to access to the court was denied because he was denied access to the law library; and (2) the district court erred in dismissing his claim that defendants

Goord and Conway participated in this alleged violation by failing to train and supervise subordinate employees and by creating a policy of racial profiling that permitted such violations to occur." (Docket No. 6, Mandate of United States Court of Appeals for Second Circuit, Issued as Mandate, January 19, 2006) (internal quotations omitted). On December 12, 2005, the Court of Appeals entered a Summary Order, which was issued as mandate on January 19, 2006, vacating the judgment of this Court and remanding with instructions to grant plaintiff leave to file an amended complaint consistent with the opinion of the Court of Appeals. (*Id.*).

Accordingly, plaintiff is granted permission to file an amended complaint on or before **October 9, 2006** with respect to his claim that he was denied access to the courts because he was denied access to the law library and that Goord and Conway where "personally involved" in the alleged constitutional denial of access to the courts. Plaintiff's amended complaint must, as outlined in the Court of Appeals's Summary Order, set forth specific examples where the alleged denial of access to the law library resulted in harm to a pending legal claim, and clarify what written grievance or grievances Goord was aware of and failed to act upon to remedy the violation set forth in the grievance.

Plaintiff is advised that an amended complaint is intended to completely replace the prior complaint in the action, and thus it "renders [any prior complaint] of no legal effect." *International Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977), *cert. denied sub nom., Vesco & Co., Inc. v. International Controls Corp.*, 434 U.S. 1014 (1978); *see also Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994). Therefore, plaintiff's amended complaint must include all of the allegations against each of the defendants against whom the case is going forward so that the

amended complaint may stand alone as the sole complaint in this action which the defendants must answer.

Plaintiff is forewarned that if he fails to file an amended complaint by **October 9, 2006**, this action will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff is further forewarned that his right to pursue further relief in federal court at public expense will be greatly curtailed if he has three actions or appeals dismissed under the provisions of 28 U.S.C. § 1915(e)(2)(B). *See* 28 U.S.C. § 1915(g).

The Clerk of the Court is directed to forward to plaintiff with this Order, a copy of the original complaint, a blank § 1983 complaint form, and the instructions for preparing an amended complaint.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

DATED: September 5, 2006
Rochester, New York