FILED

2007 NOV -5 AM 12:00

U.S. DISTRICT COURT
W.D.N.Y. - BUFFALO

-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

RUBEN AVENT,

        Plaintiff,

    -v-

SUPT. HERBERT, C.O. ADAMY, CONWAY,
Dep. Supt., FRIER, C.O., ITS BOB HENRY,
ITS BILL RUDOLPH, GOORD, Comm., RN ANDROSCO,
Sec. J. BELLNIER, Supt., Sgt. T. CONNERS, EAGEN, Supt. GRAHAM,
Supt. HERBERT, C.O. Lupo, IGP PARMITER, Ass. Comm. SELSKY,
RN RICHARD SHARPLES, C.O. SHORR, Sgt. SMITH, D. STALLONE,
Dep. Supt. of Programs, UNNAMED D-BLOCK KEEPLOCK FEED
UP OFFICERS (of April 2, 8-10,13, 2006), Sgt. LUPO, and
LEGAL MAIL OFFICER and MAIL ROOM OFFICER OF JAN. 13-20TH 2003,

        Defendants.
_____

**DECISION AND ORDER**
02-0828Sr

## INTRODUCTION

On December 18, 2002, the Court granted plaintiff permission to proceed *in forma pauperis* and dismissed the complaint *sua sponte*, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 1915A(b), on the ground that it failed to state claims on which relief could be granted. Plaintiff, who was incarcerated at the Attica Correctional Facility at the time, and is presently incarcerated at the Coxsackie Correctional Facility, alleged that defendants violated his constitutional rights by denying him access to the courts, writing false misbehavior reports, and harassing him. In dismissing the complaint, *sua sponte*, the Court found, *inter*

*alia*, that plaintiff's allegations that he was regularly denied access to the facility law library was insufficient to state a denial of access to the court claims inasmuch as plaintiff failed to allege that he suffered, or would imminently suffer, actual harm, that is, that he was "hindered in his efforts to pursue a legal claim." (Docket No. 3, Decision and Order, at 5) (internal quotation marks and citations omitted)). The Court also found that plaintiff failed to allege personal involvement on the parts of defendants Glenn Goord, former Commissioner of the New York State Department of Correctional Services ("DOCS"), and James Conway, Superintendent of the Attica Correctional Facility. (Id., at 4-5). Judgment was entered dismissing the complaint and denying plaintiff permission to proceed *in forma pauperis* on appeal. (Docket No. 4).

Plaintiff filed a notice of appeal and the United States Court of Appeals for the Second Circuit granted plaintiff permission to proceed *in forma pauperis* on appeal as to his claims that: "(1) his Sixth Amendment right to access to the court was denied because he was denied access to the law library; and (2) the district court erred in dismissing his claim that defendants Goord and Conway participated in this alleged violation by failing to train and supervise subordinate employees and by creating a policy of racial profiling that permitted such violations to occur." (Docket No. 6, Summary Order, issued as Mandate, January 19, 2006 (internal quotations omitted)).

2

The Court of Appeals then entered a Summary Order vacating the judgment of this Court and remanding with instructions to grant plaintiff leave to file an amended complaint consistent with the opinion of the Court of Appeals. (*Id.*). In remanding the case with respect to the claim that plaintiff was denied access to the court because he was denied access to the law library, the Court of Appeals stated that

> [t]he right of access of prisoners, as described by the Supreme Court, is rooted in the constitutional guarantees of equal protection of the law and due process of law. While inmates have no abstract freestanding right to a law library or legal assistance, and inmate can state a claim for denial of access to the courts where he alleges that the shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim. A prisoner may show for example that a complaint he prepared was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known. In this case, we directed [plaintiff] to brief the specific harm to his civil cases and divorce action that access to the law library would have prevented. After reviewing [plaintiff]'s complaint and his brief we are satisfied that he may be able to state a claim for the denial of access to the courts if give the opportunity to amend his complalint.

(Docket No. 6, Summary Order, at 3) (internal quotation marks and citations omitted.)

Plaintiff was granted permission to file an amended complaint with respect to only his claim that he was denied access to the court because he was denied access to the law library and that Goord and Conway were "personally involved" in the alleged constitutional denial of access to the courts. Plaintiff was directed that the amended complaint must, as outlined in the Court of Appeals's Summary

3

Order, set forth specific examples where the alleged denial of access to the law library resulted in harm to a pending legal claim, and clarify "the number of times that he filed grievances with defendants Goord and Conway in relation to his denial of access claims." (Docket No. 7, Order at 2; Docket No. 6, Summary Order, at 4).

Following an extension of time, plaintiff filed an amended complaint against numerous defendants. (Docket No. 10). The amended complaint is now before the Court for "screening" pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

Plaintiff has also submitted correspondence to the Court requesting, pursuant to the Freedom of Information Act, copies of all the documents filed herein because his legal documents were destroyed and "unstabled [sic], unbinded [sic] and dissembled [sic] and distorted in between other irrelevant distinctive criminal and civil papers[, and,] [t]herefore, I am unable to put them back together and being that this is a lengthy case." (Docket No. 11). Although the Court is not required under the Freedom of Information Act to provide copies of the documents requested, see 5 U.S.C. 551 (1)(B) (court not an "agency" as defined in statute), the Court finds that, because the documents filed in this matter are not voluminous and because plaintiff may be hindered in his prosecution of this matter *pro se* without complete copies of said documents, the Clerk of the Court shall copy and forward to plaintiff all documents currently docketed in this matter at no charge to plaintiff. To the extent plaintiff is seeking

copies of his briefs or other documents filed with the Court of Appeals, this Court does not have them and he will need to seek them from the Court of Appeals.

## DISCUSSION

Section 1915(e)(2)(B) of 28 U.S.C. provides that the Court shall dismiss a case in which *in forma pauperis* status has been granted if the Court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.  In addition, 28 U.S.C. § 1915A(a) requires the Court to conduct an initial screening of "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.*, regardless of whether or not the inmate has sought *in forma pauperis* status under 28 U.S.C. § 1915.  Sections 1915 and 1915A "provide an efficient means by which a court can screen for and dismiss legally insufficient claims." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (citing *Shakur v. Selsky*, 391 F.3d 106, 112 (2d Cir. 2004)).  "Section 1915 governs proceedings *in forma pauperis,* while § 1915A applies to all civil complaints brought by prisoners against governmental officials or entities regardless of whether the prisoner has paid a filing fee." *Shakur*, 391 F.3d at 112.

In evaluating the amended complaint, the Court must accept as true all of the factual allegations and must draw all inferences in plaintiff's favor.  *See Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003) (per curiam); *King v. Simpson*, 189

F.3d 284, 287 (2d Cir. 1999). Moreover, "a court is obliged to construe [*pro se*] pleadings liberally, particularly when they allege civil rights violations." *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004); *and see Chance v. Armstrong*, 143 F.3d 698, 701 (2d Cir. 1998). Nevertheless, even pleadings submitted *pro se* must meet the notice requirements of Rule 8 of the Federal Rules of Civil Procedure. *Wynder v. McMahon*, 360 F.3d 73 (2d Cir. 2004). Thus, "[t]o survive dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" *ATSI Communications, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, --- U.S. ----, ----, 127 S.Ct. 1955, 1965 (2007). Generally, the Court will afford a *pro se* plaintiff an opportunity to amend or to be heard prior to dismissal "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." *Abbas*, 480 F.3d at 639 (quoting *Gomez v. USAA Federal Savings Bank,* 171 F.3d 794, 796 (2d Cir. 1999) (*per curiam* )).

### Amended Complaint

The amended complaint submitted by plaintiff names 22 defendants and John Doe defendants ("Legal Mail Officer and Mail Room Officer of January 13-20, 2003" and "Unnamed D-Block Keeplock Feed Up Officers of April 2, 8-10, and 13, 2006"); and only eight of these 22 defendants were named in the original complaint--Supt. Herbert, Dep. Savage, CO Adamy, Dep. Supt. Conway, CO

Frier, Commissioner Goord, and Industrial Training Supervisors Bob Henry and Bill Rudolph. (Docket No. 10). It is 38 typed-written pages, includes 70 or so pages of exhibits, and sets forth facts and events regarding his denial of access claim which were not raised in the original complaint and occurred after the filing of the original complaint.

Because the Court cannot conclusively hold at this time that plaintiff's allegations are not "sufficient 'to raise a right to relief above the speculative level,'" *ATSI Communications, Inc.*, 493 F.3d at 98 (quoting *Bell Atl. Corp. v. Twombly*, --- U.S. ----, ----, 127 S.Ct. at 1965, and because *sua sponte* dismissals of a *pro se* complaint before service or an opportunity to amend are frowned on in this Circuit, *see, e.g.*, *McEachin v. McGuiniss*, 357 F.3d 197, 200 (2d Cir. 2004) ("We have frequently reiterated that '[s]ua *sponte* dismissals of *pro se* prisoner petitions which contain non-frivolous claims without requiring service upon respondents or granting leave to amend is disfavored by this Court.' ") (quoting *Moorish Sci. Temple of Am. Inc. v. Smith*, 693 F.2d 987, 990 (2d Cir. 1982); *Benitez v. Wolff*, 907 F.2d 1293, 1295 (2d Cir. 1990) (*per curiam*)), the Court will allow the amended complaint to proceed at this "screening" stage of the litigation. This, however, does not preclude defendants from moving against the amended complaint, in all or in part, if they believe that some or all of the claims fail to state a claim upon which relief may be granted.

### Identification of Unknown or Unnamed Defendants

Plaintiff has alleged claims against the following John Doe defendants: "Legal Mail Officer and Mail Room Officer of January 13-20, 2003" and "D-Block Keeplock Feed Up Officers of (April 2, 8-10 and 13, 2006)," who he is not able to identify. Pursuant to *Valentin v. Dinkins*, 121 F.3d 72 (2d. Cir. 1997)(per curiam), the Court requests that the New York State Attorney General's Office, Buffalo Region, ascertain the full names of the John Doe defendants plaintiff seeks to sue and provide the addresses where said defendants can currently be served. The Attorney General's Office need not undertake to defend or indemnify these individuals at this juncture. This order merely provides a means by which plaintiff may name and properly serve the John Doe defendants as instructed by the Second Circuit in *Valentin*.

The Attorney General's Office is hereby requested to produce the information specified above regarding the identities of the John Doe defendants by **November 30, 2007**. Once this information is provided, plaintiff's amneded complaint shall be deemed amended to reflect the full names of the John Doe defendants, summonses shall be issued and the Court shall direct service on said defendants.

### ORDER

IT IS HEREBY ORDERED that the Clerk of the Court is directed to cause the United States Marshal to serve copies of the Summons, Amended Complaint,

and this Order upon the named defendants without plaintiff's payment therefor, unpaid fees to be recoverable if this action terminates by monetary award in plaintiff's favor;

FURTHER, that pursuant to 42 U.S.C. § 1997e(g)(2), the defendants are directed to answer the amended complaint;

FURTHER, the Clerk of the Court is directed copy and forward to plaintiff all documents currently docketed in this matter at no charge to plaintiff; and

FURTHER, the Attorney General's Office is hereby requested to produce the information specified above regarding the identities of the John Doe defendants by **November 30, 2007**. The Clerk of the Court is directed to forward a copy of this Order and the amended complaint to the Attorney General in Charge, Office of the New York State Attorney General, 107 Delaware Avenue, Buffalo, NY 14202

IT IS SO ORDERED.

_____
HONORABLE RICHARD J. ARCARA
CHIEF JUDGE
UNITED STATES DISTRICT COURT

Dated: _Nov. 5_, 2007